# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1315 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Garrett vs. Rangle Dental Laboratory, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Ragle's motion (14) to dismiss Counts II and III of plaintiff's class action complaint is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

   Plaintiff, Dr. G. Neil Garrett ("Garrett"), filed a three-count complaint against defendant, Ragle Dental Laboratory, Inc., ("Ragle") and John Does 1-10, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count II), and common law conversion (Count III). According to the complaint, on December 29, 2009, Ragle faxed Garrett an unsolicited, one-page advertisement. Garrett contends that he suffered damages as a result of the unwanted fax, including a loss of the paper and toner used to print it and wear and tear on his fax machine. Garrett purports to bring his complaint as a class action, asserting that Ragle faxed the same or similar advertisement to "at least 40 other persons in Illinois." (Compl. ¶ 15.) Ragle moves to dismiss Counts II and III.
   Ragle argues that Garrett's ICFA count should be dismissed, because the complaint does not allege an unfair practice. I agree. When determining whether a practice is unfair in violation of the ICFA, Illinois courts consider: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417-18 (2002). A practice need not meet all three criteria to be deemed "unfair." *Id.* at 418. Motions to dismiss ICFA claims in fax-blasting cases for failing to allege an unfair practice have been considered by numerous courts in this district with mixed results. *Compare Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F.Supp.2d 768, 780-81 (N.D.Ill. 2008)(finding unfair practice properly pleaded); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892, at *6-8 (N.D.Ill. May 27,

| STATEMENT |
|---|

2008)(same); *with G.M. Sign, Inc. v. Stergo,* 681 F. Supp. 2d 929, 935-37 (N.D. Ill. 2009)(finding no unfair practice); *Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.*, 443 F.Supp.2d 976, 978 (N.D.Ill. 2006)(same); *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, No. 08 C 6992, 2009 WL 1957060, at *4-5 (N.D.Ill. July 8, 2009)(same); *W. Ry. Devices Corp. v. Lusida Rubber Prods. Inc.,* No. 06 C 0052, 2006 WL 1697119, at *4-6 (N.D.Ill. June 13, 2006)(same). My reasoning and conclusion are in line with that of *GM Sign*, *Stonecrafters,* and *Rossario's*, which all found that fax-blasting did not cause "substantial injury" by ICFA standards. In particular, I am persuaded by the reasoning of *Stonecrafters* and dismiss Count II for failure to state a claim.

    Garrett's conversion claim also fails because the alleged loss is *de minimis* and can be remedied by his TCPA claim. *See G.M. Sign*, 681 F.Supp.2d at 932-35 (dismissing conversion claim for unsolicited faxes as barred by the *de minimis* doctrine); *Rossario's*, 443 F.Supp.2d at 978 - 980 (admonishing practice of pleading theories for the same cause of action under different counts, dismissing conversion claim as "surplusage" in light of TCPA claim; noting that the *de minimis* doctrine "might well have been coined for this occasion"). The authority and argument provided by Garrett in opposition to Ragle's motion are not persuasive on this issue in light of the thorough analysis and sound resolution of these issues in *G.M. Sign* and *Rosario's*.

    Accordingly, Ragle's motion to dismiss Counts II and III is granted. The parties' remaining arguments are moot.