# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1315 | **DATE** | 10/12/2010 |
| **CASE TITLE** | Garrett v. Ragle Dental Laboratory, Inc. et al | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, plaintiff's motion for class certification [12] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, plaintiff has moved for certification of a class consisting "of (a) all persons located within the states of Illinois and Indiana (b) who, during December 2009, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an 'opt out' notice that complies with federal law." Mot. for Class Cert. at 1. "A district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a) -- numerosity, commonality, typicality, and adequacy of representation -- and any one of the conditions of Rule 23(b)." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). All of Rule 23(a)'s requirements are met here; the class also satisfies Rule 23(b)(3)'s requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Accordingly, certification is appropriate.

Defendants raise three arguments against certification, each of which is easily answered. Defendants first argue that the class is not identifiable and that, consequently, it would be impossible to provide class members with notice and an opportunity to opt-out of the suit. Against this, plaintiff points to documents obtained in discovery in which Ragle and Cadent refer to a list of roughly 5,120 numbers to whom the fax was to be sent. Such a list would clearly circumscribe the universe of potential class members. It is true that Ragle denies any "firsthand knowledge" of

such a list. Cadent, which has adopted Ragle's response brief rather than submitting its own, is more taciturn, stating only that it has not produced or disclosed such a list. Resp. at 4. Yet even if no list were ever to materialize, the defendants' identifiability argument still fails. The fax in question is alleged to have been sent only to (1) dental and prosthodontist practices that are (2) within the states of Illinois and Indiana. These features make the group of potential recipients sufficiently distinct for purposes of identification and notification.

Similarly without merit is defendants' argument that Rule 23's predominance and commonality requirements are defeated because of the need for individualized inquiry into whether class members actually received the faxes and, if so, whether they consented to receiving them. I rejected essentially the same argument in *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008), noting that "the question of consent may rightly be understood as a common question" where "a defendant engages in a standardized course of conduct vis-a-vis the class members, and plaintiffs' alleged injury arises out of that conduct." *Id.* at 807; *see also Clearbrook v. Rooflifters, LLC*, No. 08 C 3276, 2010 WL 2635781, at *3 (N.D. Ill. June 28, 2010); *G.M. Sign, Inc. v. Group C Communications, Inc.*, No. 08-cv-4521, 2010 WL 744262, at *3 (N.D. Ill. Feb. 25, 2010); *Green v. Service Master On Location Services Corp.*, No. 07 C 4705, 2009 WL 1810769, at *2 (N.D. Ill. June 22, 2009). Defendants have offered no reason for reaching a different result here.

Finally, defendants argue that the proposed class definition is improper because it will require me to inquire into the merits of the case. This contention is asserted half-heartedly and is never adequately developed. Defendants claim that the question of whether the fax at issue has an opt-out notice that complies with federal law will require the court to "delve into liability issues" in its analysis of class certification and "would require the court to investigate and determine federal law regarding opt out notices." Resp. at 8. Defendants do not say why this is so, however, or even indicate which federal opt-out requirements they have in mind. They appear to rely on the TCPA provision which makes it unlawful to fax an unsolicited advertisement unless the advertisement "provides notice stat[ing] that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines." 47 U.S.C. § 227(b)(2)(D)(ii). Inquiring into whether this requirement is met by the fax at issue in this case would not entail any significant inquiry into "liability issues." Indeed, there is no reason to think that this element of the class definition would require reaching the merits of the case any more than would the issue of consent, an argument that I squarely rejected in *Hinman*. 545 F. Supp. 2d at 807 ("It seems to me, however, that by certifying a class of individuals who received unsolicited faxes, I am merely setting the boundaries of the class, not resolving the substantive issues.") (quotation marks omitted).

The cases cited by the defendants do not suggest otherwise. For example, defendants cite *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466 (7th Cir. 1997), for the proposition that "[c]lass certification must be

| STATEMENT |
|---|
| considered without regard to the merits of the case." Resp. at 8. But *Mira* did not involve the TCPA and, in any event, never announced any such proposition; it stated only "that it is the better policy for a district court to dispose of a motion for class certification promptly and *before* ruling on the merits of the case." *Id.* at 475. Indeed, the court went on to say that "the failure to follow this preferred procedure does not necessarily amount to reversible error." *Id.* Defendants also cite *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 489360, at *3 (N.D. Ill. Feb. 28, 2008). But the class definition in *Sadowski* differed significantly from that proposed here, consisting of "(a) all persons with Illinois fax numbers; (b) who, on or after a date four years (Telephone Consumer Protection Act-Count I), three years (Illinois Consumer Fraud Act-Count II), or five years (conversion-Count III), prior to the filing of this action, (c) were sent advertising faxes by defendant (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the transmission of the faxes." *Id.*<br><br>For these reasons, plaintiff's motion for class certification is granted. |