# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1315 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Garrett v. Ragle Dental Laboratory, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Motion by Cross Defendant Cadent, Inc. to dismiss Ragle Dental Laboratory's Crossclaim [67] is granted in part and denied in part. Ruling set for 7/7/11 is vacated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff Dr. G. Neil Garrett sued defendants Ragle Dental Laboratory, Inc. ("Ragle") and Cadent, Inc. ("Cadent") for, inter alia, violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2000), after he allegedly received an unsolicited fax advertisement sent by or on behalf of Ragle and Cadent. Ragle filed a three-count crossclaim against Cadent, asserting claims for indemnification, contribution, and breach of contract. Before me is Cadent's motion to dismiss Ragle's crossclaim. For the reasons explained below, the motion is granted in part and denied in part.

    Cadent seeks dismissal of Ragle's claims for indemnification and contribution based on the well-settled principle that "[w]here contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law." *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1984) (Posner, J.). Since Ragle seeks contribution or indemnification for damages that, if awarded, would result from a violation of the TCPA, federal law governs whether Ragle's claims are viable. "Where, as in this case, the action alleges a statutory violation rather than a tort, the Supreme Court has recognized that a defendant may seek contribution only if Congress has created an affirmative cause of action for contribution; federal common law has recognized such a right; or the parties agreed, prior to the litigation, that any liability would be shared." *Shurland v. Bacci Cafe & Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 162 (N.D. Ill. 2009). None of these conditions is present here: the TCPA does not create an affirmative cause of action for contribution or indemnification; federal common law does not recognize such a cause of

action; and Ragle does not claim that it had any agreement with Cadent specifically regarding the sharing of liability.

Ragle points out that no court has specifically held that the TCPA does *not* permit claims for indemnification and/or contribution. But this observation clearly does little to show that Congress has created an affirmative cause of action for contribution. Nor are the cases on which Ragle relies to the contrary. In *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 2666289, at *1 (N.D. Ill. Sept. 14, 2006), for example, a claim for contribution was asserted in a case involving the TCPA; however, the court specifically declined to address the contention that the contribution claim was precluded by *Donovan*. In *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07-5953 (N.D. Ill. March 18, 2008), the court merely granted a motion to file a third-party complaint in a TCPA case. Although the subsequently-filed complaint included a contribution claim, the question of whether the contribution claim was barred was never broached. *Locklear Elec., Inc. v. Lay*, No. 09-cv-0531-MJR, 2009 WL 4678428, at *1 (S.D. Ill. Dec. 7, 2009), makes no mention of contribution or indemnification.

To be sure, *Donovan* involved a claim under ERISA, not the TCPA. However, its holding has been applied to crossclaims involving numerous other federal statutes. *See, e.g.*, *Daniels v. Bursey*, No. 03 C 1550, 2004 WL 1977402, at *2 (N.D. Ill. Aug. 10, 2004) ("There is no basis to believe that the general rule that federal law governs the right of contribution for damages assessed for violating federal statutes is restricted to ERISA violations."); *see also Equity Builders and Contractors, Inc. v. Russell*, 406 F. Supp. 2d 882, 885 (N.D. Ill. 2005) (Federal Copyright Act of 1976); *Kay v. First Continental Trading, Inc.*, 966 F. Supp. 753, 756 (N.D. Ill. 1997) (Fair Credit Reporting Act); *Edward Hines Lumber Co. v. Vulcan Materials Co.*, No. 85 C 1142, 1987 WL 27368, at *2 (N.D. Ill. Dec. 4, 1987) (CERCLA). Ragle contends that the TCPA is different from other federal statutes because it expressly provides for state-court jurisdiction over claims arising under the Act. But the fact that states are permitted to hear TCPA claims does not mean that state contribution laws apply to such claims. The fact remains that Ragle seeks contribution for damages resulting from the violation of a federal statute. Consequently, federal law applies to its claims.

Ragle maintains that Cadent's argument applies only to claims for contribution, and that Cadent has therefore failed to show that the claim for indemnification in Count I should be dismissed. But many cases have applied *Donovan* to both contribution and indemnification claims. *See, e.g.*, *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998) ("A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."); *Kudlicki v. MDMA, Inc.*, No. 05 C 2589, 2006 WL 1308617, at *3 (N.D. Ill. May 10, 2006). Thus, I grant Cadent's motion insofar as it seeks dismissal of Counts I and II of Ragle's crossclaim.

## STATEMENT

As to Count III, which asserts a claim for breach of contract, Cadent's motion is denied. Ragle alleges that when it accepted Cadent's offer to fax advertisements on Ragle's behalf, it did so with the understanding that the advertisements would comply with all applicable federal and state laws. If Cadent's faxes violated the TCPA, Ragle claims, Cadent breached their agreement. Cadent argues that the claim must be dismissed because Ragle fails to allege that Cadent received consideration in connection with their agreement. Rather, Cadent maintains, Ragle has alleged only that Cadent offered to distribute a fax advertisement on Ragle's behalf and that Ragle accepted the offer.

I disagree. While Ragle does not explicitly plead the element of consideration, it does state that the fax at issue in the case was an advertisement for both Ragle and Cadent. One side of the fax advertised Cadent's digital impression system and the other side advertised a five percent rebate for scanning work performed on the system and sent to Ragle for processing. *See* Crossclaim ¶ 17. Thus, Cadent received consideration from Ragle insofar as Ragle's participation in the promotional offer advertised in the fax created the prospect of greater sales for Cadent's digital impression system. Although this could have been set forth more explicitly in the crossclaim, the elucidation provided in Ragle's response brief has given Cadent sufficient notice of the basis for its claim. *See, e.g.*, *Savarirayan v. Blue Cross Blue Shield of Illinois*, No. 10 C 4723, 2011 WL 1362591, at *2 (N.D. Ill. Apr. 7, 2011) ("As long as they are consistent with the allegations of his Amended Complaint, plaintiff may assert additional facts in his response to the motion to dismiss."); *see also Russell v. Unknown Cook County Sheriff's Officers*, No. 03 C 3786, 2004 WL 2997503, 3 n.1 (N.D. Ill. Dec. 27, 2004). Since Ragle has sufficiently alleged consideration, Cadent's motion to dismiss Count III is denied.